The following opinion of the court was delivered by
 

 White, J.
 

 The question in this case depends upon the words of the act of assembly, passed in 1801, defining the jurisdiction of justices of the peace ; where the balance is due by specialty, note or agreement and does not exceed fifty dollars, it is within the cognizance of a justice of the peace—If A holds the bill single of B for one hundred dollars, upon which fifty five dollars have been paid, the remaining forty-five is surely due by specialty. In case of a note, contract or agreement for a like sum, with the like payment, the balance would be due by note, contract or agreement, as the case might be. Whether the payment be endorsed on the instrument or not, can make no difference
 
 ;
 
 if the balance due does not in truth exceed fifty dollars, the creditor is entitled to commence his suit before a justice of the the peace.
 

 The case before us seems to fall within the very words of the act, and we are not at liberty by forced and unnatural constructions, to defeat the jurisdiction given to this class of officers ; by carrying cases of this kind through the courts, the very subject of the suit is more than consumed in expenses and costs. In the case of Stuart against Windal, in the old superior court, it was decided, that the con
 
 *236
 
 stitution authorised the legislature to give a single justice original jurisdiction, in such cases as this, provided the right of having a jury trial was secured to the parties, if either of them might wish it. That question being settled, it is useless to endeavor to defeat the exercise of this jurisdiction by indirect means.
 

 The judgment of the circuit court must be reversed and the cause remanded for the sake of a new trial, upon which the evidence that was offered must he received.